106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. DANA, Petitioner-Appellant,
v.
Michael PICKETT; Attorney General for the State of
California, Respondents-Appellees.
 No. 95-16612.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Dana, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Dana contends that: (1) the Board of Prison Term's (BPT) use of determinate sentencing law (DSL) violated the Ex Post Facto Clause; (2) the BPT violated the Equal Protection Clause; and (3) the BPT violated the Due Process Clause. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Here, while the DSL was applied retroactively to Dana, its use did not disadvantage him. This same claim was previously raised and rejected in Connor v. Estelle, 981 F.2d 1032, 1034 (9th Cir.1992) (per curiam) (defendant sentenced under California's indeterminate sentencing law (ISL) not disadvantaged for ex post facto purposes by application of DSL to determine parole suitability).
 
 
 4
 Dana contends that even though the DSL and ISL guidelines apply identical criteria in determining parole suitability, the "philosophy" of the DSL guidelines is to increase punishment. Dana argues that the BPT's use of the DSL guidelines increased his punishment in violation of the Ex Post Facto Clause. This argument lacks merit because Dana can only speculate that his punishment has been increased. See California Dep't of Corrections v. Morales, 115 S.Ct. 1597, 1603-05 (1995) (no ex post facto violation where petitioner can only demonstrate speculative and attenuated possibility of increased punishment); see also Johnson v. Gomez, 92 F.3d 964, 967-68 (9th Cir.1996) (change in parole decisionmaker not ex post facto where petitioner can only speculate he would have been released under law existing at time crime committed). Furthermore, Dana's Equal Protection and Due Process claims are precluded by Connor. See Connor, 981 F.2d at 1034-35.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3